May it please the court, my name is Sidney Bender and I'm appearing for the appellant Wayne Ritchie. I would like to reserve two minutes for reply. You bet. Where the attorney for the CIA and the government engage in deliberate and repeated frauds on the court, the award of costs to the government is an abuse of discretion. In this particular case the district court found that the government's answer was in fact false by denying that Feldman participated in the planning design and execution of the CIA's MKUltra project. Based on two sources, excuse me Mr. Bender, you my my understanding of the record is that Mr. Kenny was sanctioned for interrupting Feldman's testimony and that that was the only proven instance of misconduct. Do I misunderstand the record? Well your honor I'm I'm about to state to you that the the reason why the government intentionally filed a false answer. The district court held that the answer was false and there are two sources for that and that is that the CIA had in its possession the White Diary entries. Please let me let me stop you just for one second. So you're you're saying that my understanding about Mr. Kenny being the only proven instance of misconduct is wrong. Is that correct? In terms of the proof I submit that that is correct. That it is not the only instance of misconduct. I understand you feel very strongly and this is I must confess a most unusual case but for purposes of our deliberations we have to go based on what the record shows and what the district court found here and the district court as you has I gather conceded found that there was one instance of misconduct. I know you alleged there were other instances of misconduct but they have never been proven or accepted by the district court. Isn't that correct? Well, I don't think that is correct because basically when you take the fact that the court found that Feldman lied in his deposition and that the answer that was false was that was filed denying Feldman's participation was also false and the fact that the United States government in the connection with the motions for summary judgment knowingly submitted false testimony from Feldman's deposition and to the court in opposition to our motion for summary judgment and in support of its own motion for summary judgment. I submit to you that the district court found that there was no misconduct. Mr. Bender, in this case, though, the district court made a determination that the government didn't knowingly submit false answers. That there was not enough evidence. Well, again, but what's the standard of review that we go on? It's abuse of discretion, isn't it? Yes, Your Honor, but we have conclusive proof that I would like to give Your Honor. I've stated in the brief that it cannot be contradicted to demonstrate that the U.S. government did not submit a false answer and that was contained in the white diary entries which the CIA had before the commencement of the litigation that demonstrate that Feldman did, in fact, participate in the LSD drugging of people in San Francisco. Mr. Ritchie, you got the wrong course here. We're a court of appeals. Your argument was already made and should be made to the district court, not to the court of appeals. We look at the record and the district court made a determination in connection with what you have presented. The question here is whether there was an abuse of discretion. Where in the record can you point that indicates that the district court's determination was an abuse of discretion? I'm telling you that now, Your Honor. The fact, it's undisputed fact that White's diaries and All the facts in this case are disputed. Let's get that clear. That's not so, Your Honor. The government does not deny the fact that they had the white diaries prior to the commencement of this litigation and those diaries demonstrate that Feldman participated in the drugging of individuals on Project MKUltra. In addition, John Gittinger of the CIA testified in this case that he knows that Feldman participated in the CIA's drugging of Ruth Kelly in 1959 by planning, by attending the Gittinger, the results of the drugging. Now, under those circumstances, as a matter of law, Gittinger's knowledge, which was obtained in 1959, must be attributable to the CIA. He was an employee. He supervised White's operation. Therefore, here you have undisputed evidence, it's in his deposition, that not only in the White diaries, but in Gittinger's testimony, that the CIA knew before it filed that answer that it was indeed false, that Feldman had participated. And that answer, that false answer, was then the centerpiece for the entire defense, because from that next followed the declaration of Feldman, E33-34, in the record. And that shows that the United States government, on the letter ahead of the U.S. attorney Mueller, prepared a false declaration, because he denied even knowing Ritchie. He denied that anyone ever drugged Ritchie. But he and the district court that Feldman described the behavior of Ritchie at the time of the party. So under those circumstances, I submit to your honors on undisputed facts that they practiced a deliberate fraud on the court when that answer was filed. And that answer was not prepared by Feldman. It was prepared by attorneys. It laid forth the entire scheme of what they were going to do. And that was followed, that took place in the declaration, which falsely denied any activity. It was misleading. It was filed in this court one year after it was made, which was on August 1, 2001. The third thing. What then happened? The deposition of Feldman was taken. The first deposition. Who prepared his deposition? It was Kenny, the assistant U.S. attorney, and McGinn of the CIA. They knew all of those facts that I have laid out, and yet they and they knew that Feldman was going to persist in the lie that he had given, which was that he denied any participation in the MKUltra program. Under those circumstances, and that was the test that the district court laid out, for us to prove that prior to the taking of the lawsuit that he was going to testify falsely. The district court found that Feldman repeatedly lied in his deposition, in his first deposition. And it was only when I confronted him in the second deposition with a series of audiotapes which showed what he had said in an interview that he finally opened up and stated that, in fact, he had personally drugged 10 or 12 individuals, and that he had personally given it to this nitwit Richie, my client, and furthermore, that Richie had a full head of LSD at that time. Now, the court of appeals in the prior appeal stated this was a series of incriminating admissions, statements by Feldman. Under those circumstances, I submit to you that when the United States government submitted Feldman's deposition, which they knew was perjurous, and they submitted that declaration, which was also false, to, on the motions for summary judgment, it was practicing a fraud on the court. And I see you've got about a minute left, Mr. Bender. Pardon me? You've got about a minute left. Okay. In this presentation or total? The whole gestalt. Okay. Then, Your Honor, I'd like to reserve that minute, if I may. I see. Thank you. Thank you. May it please the Court? Good morning, Your Honors. Owen Mardekin for the United States. This appeal is about the standard of review, which was abuse of discretion. In its initial published opinion on the merits appeal of this case, this Court found that the district court did not abuse its discretion when it decided that the discovery sanction that it imposed was enough and that no additional sanction was warranted for any alleged or found misconduct on the United States' part. That decision should hold here. There are only two additional facts or factual allegations that arise in this appeal that were not before the Court last time. The first is this, frankly, odd luncheon meeting between Mr. Feldman and Mr. Ritchie's counsel. And the district court did not abuse its discretion when it looked at that and said, well, Mr. Feldman's subsequent denial, which Mr. Ritchie's counsel admits that he was supposedly said he was given a script by government counsel. Government counsel's declaration is swearing that they didn't do such a thing. And Mr. Feldman's frank unbelievability as a witness did not lend any credence to that allegation. The second factual allegation has to do with these so-called George White diary entries that supposedly implicated Mr. Feldman and CIA drugging. First of all, that argument was never raised before the district court. So this Court's hearing it for the first time ever in this litigation. Second of all, the diaries, at least the excerpts that Mr. Ritchie's counsel has attached here, they prove no such thing. This is the date book of a dead man, the worst kind of hearsay. There are notations that at most say that Mr. White had meetings with Mr. Feldman, which is not surprising since he was his boss. But there is nothing here which would suggest that this Court needs to do anything to disturb its previous holding published that the district court did not abuse its discretion in reopening discovery whenever, of course, it was a request to reopen a discovery, only a motion to compel. And the district court rightly found that the case should perhaps now, nine years down the pike, be laid to rest. I'm willing to submit unless Your Honors have any additional questions. Thank you, Mr. Monaghan. Mr. Bender, back to you. You've got about a minute. With respect to those diary entries, if the Court would refer to page 10 and 11 of my main brief, I've set forth three diary entries. One was for May 25, 1956. The entry was with Kiss, with Gittinger. And it refers to Ike in the same one, Ray Stormy. And Feldman identified Stormy as LSD. Secondly, on September 25, 1957, the entry was Gittinger arrived, 530, met by Ike to the pad. That was to the safe house where druggings and everything took place and other things. September 26, 1957, the entry was Ike at pad with Gittinger. Gittinger was the liaison of the CIA who was supervising the very program we're talking about. And for the government to have drafted, and they knew of Gittinger's knowledge. They're charged as a matter of law with it because of the fact that he related the whole situation about Feldman in 1959 at the drugging that the CIA performed. Under those circumstances, it's undisputed that Feldman, in fact, did participate and just continued to lie, and the government knew he was lying and submitted those lies to the court. Under those circumstances, that is attorneys knowingly providing the court with false and perjurious testimony. Thank you very much.  Thank you, Mr. Mentor. Thank you, too, sir. The case just argued is submitted. We'll stand and recess for this session of the court.
judges: Silverman, Clifton, Smith M.